IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER,<br><br>       Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; RANDALL IWASAKI; and OLIVIA FONSECA,<br><br>       Defendants,<br><br>and<br><br>COALITION FOR ECONOMIC EQUITY; and NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SAN DIEGO CHAPTER,<br><br>       Defendant-Intervenors<br>_____/ | Case No. 09-01622<br><br><u>ORDER GRANTING MOTION TO INTERVENE</u> |

   This matter comes before the Court on a Motion to Intervene by the Coalition for Economic Equity ("CEE") and the National Association for the Advancement of Colored People, San Diego

1

Chapter ("NAACP") (collectively "Intervenors"). Intervenors seek to intervene as defendants in a suit brought by the Associated General Contractors of America, San Diego Chapter ("AGCA") against the California Department of Transportation ("CA DOT"), CA DOT Director Randall Iwasaki and Deputy Director Olivia Fonseca. AGCA opposes the Motion to Intervene. CA DOT has not addressed the motion.[1]

FACTUAL AND PROCEDURAL BACKGROUND

CA DOT, as a recipient of federal funds, complies with the federal requirements for maintaining a Disadvantaged Business Enterprises ("DBE") program for administering contracts. This program is administered pursuant to the federal requirements and is based on data from a 2007 minority contractor disparity study commissioned by CA DOT.

On June 11, 2009, AGCA filed the present lawsuit, alleging that the DBE program is unconstitutional pursuant to the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1981, 1983, and 2000d, and Article 1, Section 31 of the California Constitution. AGCA seeks declaratory and injunctive relief. CA DOT filed its answer on July 7, 2009, and Intervenors filed the present Motion to Intervene on September

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

14, 2009. No other motions have been filed in the case, and trial is set for March 2011.

Intervenors are two organizations whose memberships include minority business owners who are among the intended beneficiaries of the DBE program. Intervenors advocate for equality on behalf of their members, and have been active in urging CA DOT to implement its current DBE program.

## I.   OPINION

### A.   Legal Standard

Parties may intervene in a lawsuit as a matter of right or by permission of the Court. The Ninth Circuit applies a four-part test in evaluating a motion for intervention as of right pursuant to Federal Rule of Civil Procedure 24(a): (1) the application for intervention must be timely;(2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action;(3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and(4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. <u>Southwest Ctr. for Biological Diversity v. Berg</u>, 268 F.3d 810, 817 (9th Cir. 2001).  Each of

these requirements must be met before an intervention of right can be allowed. NAACP v. New York, 413 U.S. 345, 369 (1973).

The test is applied "liberally in favor of potential intervenors," and the Court's analysis "is 'guided primarily by practical considerations,' not technical distinctions." Southwest Ctr. for Biological Diversity, 268 F. 3d at 818. The burden is on the party seeking intervention to demonstrate that each of the elements are satisfied before the court will provide the nonparty with a right to intervene. League of United Latin American Citizens v. Wilson, 131 F. 3d 1297, 1302 (9th Cir. 1997).

A party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation. California ex rel Lockyer v. U.S., 450 F. 3d 435, 441 (9th Cir. 2006). In evaluating a motion to intervene, the court must take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true, absent sham, frivolity or other objections. Southwest Ctr. For Biological Diversity, 268 F. 3d at 820.

Compared with intervention as of right, a district court has broad discretion in deciding a motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

San Jose Mercury News, Inc. v. U.S. Dis. Court, Northern Dis. (San Jose), 187 F.3d 1096, 1100 (9th Cir. 1999). A party may be allowed to intervene so long as: (1) "independent grounds for jurisdiction [exist]; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or . . . fact in common." Id.

In determining whether a motion for intervention is timely, courts consider the following three factors: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for and any delay in moving to intervene." Northwest Forest Resource Council v. Glickman, 82 F. 3d 825, 836 (9th Cir. 1996).

B. Intervention as of Right

Intervenors seek leave of the Court to intervene as defendants in this case, arguing that they meet the requirements for intervention as of right as well as permissive intervention. No other motions have been filed in the case, and trial is set for March 2011. Accordingly, Intervenors motion is timely and does not burden or delay the case. Intervenors have a protectable interest in the lawsuit, as they represent the intended beneficiaries of the government program at issue. Their interests will be directly impacted by the outcome of this lawsuit. "By allowing parties with a practical interest in the outcome of a particular case to intervene, we often prevent or

simplify future litigation involving related issues. . ." <u>United States of America v. City of Los Angeles, California</u>, 288 F. 3d 391, 398(9th Cir. 2002).

AGCA argues against intervention as a matter of right, claiming that CA DOT will sufficiently represent Intervenors' interests in the suit. Intervenors acknowledge that CA DOT can be expected to defend its program, but argue that this does not necessarily mean adequate representation for Intervenors' specific interests.

Intervenors need only meet the minimal burden of showing that representation may be inadequate. <u>Forest Conservation Council v. U.S. Forest Service</u>, 66 F. 3d 1489, 1498 (9th Cir. 1995). To determine adequacy of representation, courts consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect. <u>Id</u>. at 1498-99 (internal citations omitted).  While a presumption of adequate representation arises when the representative is a governmental body or officer charged by law with representing the interests of the absentee, this presumption arises only when the government is acting specifically on behalf of the constituency

that it is representing. <u>United States of America v. City of Los Angeles, California</u>, 288 F. 3d 391, 401-2 (9th Cir. 2002).

Here, as Intervenors point out, CA DOT's main interest is ensuring safe public roads and highways. CA DOT is not charged by law with advocating on behalf of minority business owners. Intervenors, on the other hand, have a personal stake in the program and in the outcome of this lawsuit, an interest that has at times pitted them against CA DOT. Intervenors have shown that representation may not be adequate for a variety of reasons, thus meeting their burden.

C. <u>Permissive Intervention</u>

AGCA also argues against permissive intervention, on the grounds that Intervenors will cause delay and inefficiency. However, these arguments are without merit. The motion to intervene was timely filed, and there is no basis for AGCA's allegation that Intervenors intend to use this case merely as a platform for presenting policy arguments and unfairly disrupting the Court's handling of AGCA's case.

Given the liberal standards for intervention, at a minimum Intervenors have met the standard for the Court to grant permissive intervention. Independent grounds for jurisdiction exist, the motion is timely, and Intervenors' motion as well as

their proposed Answer, demonstrate the common questions of law and fact presented by Intervenors' defenses to AGCA's claims.

The Court further finds that Intervenors meet the requirements for intervention of right. Accordingly, the Court finds that Intervenors are entitled to intervention as a matter of right.

### III. ORDER

For the reasons set forth above, the Intervenors' Motion to Intervene is hereby GRANTED.

IT IS SO ORDERED.

Dated: December 22, 2009.

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE