BINGHAM McCUTCHEN LLP
MICHAEL I. BEGERT (SBN 141969)
michael.begert@bingham.com
SUJAL J. SHAH (SBN 215230)
sujal.shah@bingham.com
ERIN S. CONROY (SBN 241042)
erin.conroy@bingham.com
CARLOS P. MINO (SBN 247022)
carlos.mino@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067, U.S.A.
Telephone:  415.393.2000
Facsimile:  415.393.2286

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
OREN SELLSTROM (SBN 161074)
KENDRA FOX-DAVIS (SBN 248757)
131 Steuart Street, Suite 400
San Francisco, CA  94105
Telephone:  (415) 543-9697
Facsimile:  (415) 543-0296
Email:  osellstrom@lccr.com

[*Additional Counsel listed on signature pages.*]

Attorneys for Defendant-Intervenors
Coalition for Economic Equity and National Association
for the Advancement of Colored People,
San Diego Chapter

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC., a nonprofit California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants,<br><br>COALITION FOR ECONOMIC EQUITY and NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SAN DIEGO CHAPTER,<br><br>    Defendant-Intervenors. | No. 2:09-cv-01622-JAM-GGH<br><br>**DEFENDANT-INTERVENORS COALITION FOR ECONOMIC EQUITY'S AND NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, SAN DIEGO CHAPTER'S ANSWER IN INTERVENTION**<br><br>Judge:    Hon. John A. Mendez |

A/73261693.1/0999997-0000929484

## ANSWER IN INTERVENTION

Defendant-Intervenors Coalition for Economic Equity and National Association for the Advancement of Colored People, San Diego Chapter (collectively, "Defendant-Intervenors") hereby answer the allegations in the Complaint of Plaintiff, Associated General Contractors of America, San Diego Chapter, Inc. ("Plaintiff") against the California Department of Transportation, Will Kempton and Olivia Fonseca ("Defendants"), as follows:

### RESPONSE TO INTRODUCTION

1. Responding to paragraph 1 of the Complaint, Defendant-Intervenors deny that Plaintiff is entitled to any relief and deny that the 2009 DBE Program being implemented by Defendants is unlawful or unenforceable or violates 42 U.S.C. §§ 1981, 1983, Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d, the Fourteenth Amendment of the United States Constitution or Article I, Section 31 of the California Constitution ("Prop. 209"). The allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors lack sufficient knowledge to either admit or deny the remaining allegations of said paragraph and on that basis deny them.

### RESPONSE TO JURISDICTION AND VENUE

2. Responding to paragraph 2, Defendant-Intervenors deny that the court has jurisdiction of the state law claim under 28 U.S.C. § 1367 and otherwise admit that the court has jurisdiction over the federal claims enumerated in said paragraph. Defendant-Intervenors acknowledge that Plaintiff requests a declaratory judgment, but deny that Plaintiff is entitled to such relief and further deny that this Court has jurisdiction to grant such relief.

3. Responding to paragraph 3, Defendant-Intervenors lack sufficient information to either admit or deny allegations contained therein and on that basis deny said allegations.

### RESPONSE TO PARTIES

4. Responding to paragraph 4, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors lack sufficient knowledge to either admit or deny the allegations and on

that basis deny said allegations.

5.      Responding to paragraph 5, the allegations of this paragraph constitute conclusions of law which Defendant-Intervenors are not required to admit or deny.  Defendant-Intervenors admit that Defendants have a duty to comply with state and federal law.  Defendant-Intervenors otherwise lack sufficient knowledge to admit or deny the allegations and on that basis deny them.

6.      Responding to paragraph 6, the allegations of this paragraph constitute conclusions of law which Defendant-Intervenors are not required to admit or deny.  Defendant-Intervenors deny the allegations of this paragraph.

7.      Responding to paragraph 7, the allegations of this paragraph constitute conclusions of law which Defendant-Intervenors are not required to admit or deny.  Defendant-Intervenors admit Olivia Fonseca is Deputy Director of Civil Rights for Caltrans and otherwise deny the remaining allegations of this paragraph.

**RESPONSE TO ALLEGATIONS: SAFETEA-LU**

8.      Responding to paragraph 8, Defendant-Intervenors admit President Bush signed "SAFETEA-LU" and otherwise deny the allegations contained therein.

9.      Responding to paragraph 9, Defendant-Intervenors lack sufficient information to either admit or deny said allegations and on that basis deny said allegations.

10.     Responding to paragraph 10, Defendant-Intervenors admit that Pub. L. 109-59, title 1, § 1101(b) of SAFETEA-LU is entitled "Disadvantaged Business Enterprises" and otherwise deny the remaining allegations contained therein.

11.     Responding to paragraph 11, Defendant-Intervenors admit to the language of the quoted statutes and regulations as set forth in those statutes and regulations and otherwise deny the allegations contained therein.

12.     Responding to paragraph 12, Defendant-Intervenors admit to the language of the quoted statutes and regulations as set forth in Section 1101(b)(2) of SAFETEA-LU.

13.     Responding to paragraph 13, Defendant-Intervenors deny the allegations contained therein.

1         14.     Responding to paragraph 14, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors deny the allegations of said paragraph.

### RESPONSE TO TITLE 49 CODE OF FEDERAL REGULATIONS PART 26

        15.     Responding to paragraph 15, Defendant-Intervenors admit that federal regulations governing disadvantaged business enterprise programs are found at 49 CFR Part 26 and otherwise deny the allegations contained therein.

        16.     Responding to paragraph 16, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit that the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

        17.     Responding to paragraph 17, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

        18.     Responding to paragraph 18, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

        19.     Responding to paragraph 19, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

        20.     Responding to paragraph 20, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

        21.     Responding to paragraph 21, the allegations of this paragraph constitute

arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced regulations contain the language set forth in the regulations and otherwise deny the allegations contained in said paragraph.

22.   Responding to paragraph 22, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the referenced Appendix A to 49 CFR Part 26 contains the language set forth in Appendix A to 49 CFR Part 26 and deny the remaining allegations of said paragraph.

23.   Responding to paragraph 23, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors deny the allegations of said paragraph.

**RESPONSE TO ARTICLE I, SECTION 31, OF THE CALIFORNIA CONSITUTION**

24.   Responding to paragraph 24, Defendant-Intervenors admit the people of California amended the Constitution by adopting Proposition 209 and admit the California Constitution contains the language set forth in Art. I, § 31(a), but deny it is "the relevant provision" of Proposition 209.

25.   Responding to paragraph 25, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit the California Constitution contains the language set forth in Art. I, § 31(f) and deny the remaining allegations contained therein.

26.   Responding to paragraph 26, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors deny the allegations contained therein.

27.   Responding to paragraph 27, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors deny the allegations contained therein.

28.   Responding to paragraph 28, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny.

1  Defendant-Intervenors admit the California Constitution contains the language set forth in Art. I,
2  § 31(e) and otherwise deny the remaining allegations of said paragraph.
3    29.  Responding to paragraph 29, Defendant-Intervenors deny the allegations
4  contained therein.

## RESPONSE TO ALLEGATIONS OF CALTRANS' DISCRIMINATORY 2009 DBE GOALS AND METHODOLOGY

7    30.  Responding to paragraph 30, Defendant-Intervenors deny that Defendants
8  were not in danger of losing federal funding and otherwise lack sufficient knowledge to admit or
9  deny the allegations of said paragraph, and on that basis deny them.
10    31.  Responding to paragraph 31, Defendant-Intervenors admit that Defendants
11 conducted a disparity study and that Defendants have allowed public access to that study.
12 Defendant-Intervenors otherwise lack sufficient information to either admit or deny allegations
13 contained therein and on that basis deny the allegations contained therein.
14    32.  Responding to paragraph 32, Defendant-Intervenors lack sufficient
15 information to either admit or deny allegations contained therein and on that basis deny said
16 allegations.
17    33.  Responding to paragraph 33, Defendant-Intervenors lack sufficient
18 information to either admit or deny allegations contained therein and on that basis deny said
19 allegations.
20    34.  Responding to paragraph 34, Defendant-Intervenors lack sufficient
21 information to either admit or deny allegations contained therein and on that basis deny said
22 allegations.
23    35.  Responding to paragraph 35, Defendant-Intervenors admit that the Overall
24 2009 G&M includes the language quoted in this paragraph and otherwise deny the allegations
25 contained therein.
26    36.  Responding to paragraph 36, the Overall 2009 G&M speaks for itself, and
27 Defendant-Intervenors deny Plaintiff's characterization of it.  Defendant-Intervenors otherwise
28 lack sufficient information to either admit or deny the remaining allegations contained therein

and on that basis deny them.

37. Responding to paragraph 37, Defendant-Intervenors lack sufficient knowledge to either admit or deny the allegations contained therein, and on that basis deny them.

38. Responding to paragraph 38, Defendant-Intervenors admit that the referenced documents contain the language set forth in the referenced documents and otherwise lack sufficient knowledge to either admit or deny the allegations contained therein, and on that basis deny them.

39. Responding to paragraph 39, Defendant-Intervenors deny the allegations contained therein.

40. Responding to paragraph 40, Defendant-Intervenors lack sufficient information to either admit or deny the remaining allegations contained therein and on that basis deny them.

**RESPONSE TO INJUNCTIVE RELIEF ALLEGATIONS**

41. Responding to paragraph 41, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

42. Responding to paragraph 42, Defendant-Intervenors admit that the 2009 DBE Report contains the language set forth in the 2009 DBE Report and otherwise deny the remaining allegations of this paragraph.

43. Responding to paragraph 43, Defendant-Intervenors deny the allegations of said paragraph.

44. Responding to paragraph 44, Defendant-Intervenors deny the allegations of said paragraph.

45. Responding to paragraph 45, Defendant-Intervenors deny the allegations of said paragraph.

46. Responding to paragraph 46, Defendant-Intervenors deny the allegations of said paragraph.

**RESPONSE TO DECLARATORY RELIEF ALLEGATIONS**

47. Responding to paragraph 47, Defendant-Intervenors incorporate by

A/73261693.1/0999997-0000929484
6
DEFENDANT-INTERVENORS' ANSWER IN INTERVENTION
No. 2:09-cv-01622-JAM-GGH

1   reference its responses to each of the incorporated allegations as set forth above.

2         48.    Responding to paragraph 48, Defendant-Intervenors admit that Defendants "dispute that its race-conscious requirements are unconstitutional" and otherwise deny the remaining allegations of this paragraph.

5         49.    Responding to paragraph 49, Defendant-Intervenors deny the allegations of said paragraph.

## RESPONSE TO FIRST CLAIM FOR RELIEF

50.   Responding to paragraph 50, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

51.   Responding to paragraph 51, Defendant-Intervenors admit that the U.S. Constitution contains the language set forth in the Fourteenth Amendment (U.S. Const. amend. XIV, section 1).  The remaining allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny.

52.   Responding to paragraph 52, Defendant-Intervenors lack sufficient information to either admit or deny allegations contained therein and on that basis deny them.

53.   Responding to paragraph 53, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors deny the allegations contained therein.

54.   Responding to paragraph 54, Defendant-Intervenors deny the allegations contained therein.

## RESPONSE TO SECOND CLAIM FOR RELIEF

55.   Responding to paragraph 55, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

56.   Responding to paragraph 56, Defendant-Intervenors deny the allegations contained therein.

57.   Responding to paragraph 57, Defendant-Intervenors admit that Defendants have set "a participation goal of 13.5%, of which 6.75% is to be achieved through race-conscious measures" but deny the remaining allegations of said paragraph.

58. Responding to paragraph 58, Defendant-Intervenors lack sufficient knowledge to admit or deny the allegations regarding Plaintiff's desires, and on that basis deny them. Defendant-Intervenors deny the remaining allegations of said paragraph.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

59. Responding to paragraph 59, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

60. Responding to paragraph 60, Defendant-Intervenors deny the allegations contained therein.

61. Responding to paragraph 61, Defendant-Intervenors deny the allegations contained therein.

62. Responding to paragraph 62, Defendant-Intervenors lack sufficient information to either admit or deny the allegations contained therein and on that basis deny them.

63. Responding to paragraph 63, Defendant-Intervenors deny the allegations contained therein.

**RESPONSE TO FOURTH CLAIM FOR RELIEF**

64. Responding to paragraph 64, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

65. Responding to paragraph 65, Defendant-Intervenors deny the allegations contained therein.

66. Responding to paragraph 66, Defendant-Intervenors admit the language of 42 U.S.C. § 2000d as set forth in the referenced statute and otherwise deny the allegations of this paragraph.

67. Responding to paragraph 67, Defendant-Intervenors deny the allegations of this paragraph.

68. Responding to paragraph 68, Defendant-Intervenors admit that Defendants award federally funded contracts. Defendant-Intervenors otherwise deny the allegations contained therein.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

69. Responding to paragraph 69, Defendant-Intervenors incorporate by reference their responses to each of the incorporated allegations as set forth above.

70. Responding to paragraph 70, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit that the California Constitution contains the language set forth at Article 1, section 31, but deny Plaintiff's characterization of that language.

71. Responding to paragraph 71, Defendant-Intervenors deny the allegations contained therein.

72. Responding to paragraph 72, the allegations of this paragraph constitute arguments or conclusions of law which Defendant-Intervenors are not required to admit or deny. Defendant-Intervenors admit that the California Constitution contains the language set forth at Article 1, section 31(e), but deny Plaintiff's characterization of that language. Defendant-Intervenors deny the remaining allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's state law claims against Defendants' 2009 DBE Program are barred by the 11th Amendment to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendants are immune to Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has failed to join indispensable parties without whom the case cannot proceed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has failed to join necessary parties without whom the case should not proceed.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it lacks standing to pursue the claims

asserted herein.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants are required by law to implement a Disadvantaged Business Program in accord with the requirements of 49 Code of Federal Regulations, Part 26.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants are implementing the challenged program in order to establish and maintain eligibility for federal funds.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the U.S. Constitution requires Defendants to implement the challenged program.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the Federal Highway Administration has made it a condition of receipt of federal funds that Defendants implement the challenged Disadvantaged Business Program as approved by them and in accord with the requirements of 49 Code of Federal Regulations, Part 26.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not a "person" who may assert the claims stated herein.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the relief requested would require Defendants to violate the Fourteenth Amendment to the U.S. Constitution (U.S. Const. amend. XIV, section 1).

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the relief requested would require Defendants to violate 42 U.S.C. § 1981.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the relief requested would require Defendants to violate 42 U.S.C. § 1983.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the relief requested would require Defendants to violate 42 U.S.C. § 2000d.

**PRAYER**

WHEREFORE, these Defendant-Intervenors pray judgment against the Plaintiff as follows:

1. That this court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendants and Defendant-Intervenors and deny Plaintiff's entire prayer for relief.

2. That this court declare that the race-conscious remedial measures in Defendants' 2009 DBE Program Goal and Methodology ("2009 Goal and Methodology") are constitutional, valid and enforceable and further that said 2009 Goal and Methodology does not violate the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §§ 1981, 1983, 2000d or Article I, section 31, of the California Constitution.

3. That this court declare that, under the facts presented, the race-conscious remedial measures in Defendants' 2009 DBE Program are required by the Fourteenth Amendment of the United States Constitution as well as 42 U.S.C. §§ 1981, 1983, and/or 2000d.

4. That this court declare Defendants are required by law to comply with regulations set forth in 49 CFR Part 26.

5. That no injunction issue to enjoin the Defendants from implementing the 2009 DBE Program, including its Goal and Methodology.

6. For legal costs, expenses and attorneys' fees.

7. For such other relief as the Court deems just and proper.

| | |
|---|---|
| 1 | DATED: January 12, 2010 |
| | BINGHAM McCUTCHEN LLP |
| 2 | |
| 3 | By: */s/ Michael I. Begert* |
| 4 | |
| 5 | BINGHAM McCUTCHEN LLP |
| | MICHAEL I. BEGERT (SBN 141969) |
| | michael.begert@bingham.com |
| 6 | SUJAL J. SHAH (SBN 215230) |
| | sujal.shah@bingham.com |
| 7 | ERIN S. CONROY (SBN 241042) |
| | erin.conroy@bingham.com |
| 8 | CARLOS P. MIÑO (SBN 247022) |
| | carlos.mino@bingham.com |
| 9 | Three Embarcadero Center |
| | San Francisco, CA  94111-4067, U.S.A. |
| 10 | Telephone:  415.393.2000 |
| | Facsimile:  415.393.2286 |
| 11 | LAWYERS' COMMITTEE FOR CIVIL RIGHTS |
| | OREN SELLSTROM (SBN 161074) |
| 12 | KENDRA FOX-DAVIS (SBN 248757) |
| | 131 Steuart Street, Suite 400 |
| 13 | San Francisco, CA  94105 |
| | Telephone:  (415) 543-9697 |
| 14 | Facsimile:  (415) 543-0296 |
| | Email:  osellstrom@lccr.com |
| 15 | |
| | EQUAL JUSTICE SOCIETY |
| 16 | EVA JEFFERSON PATERSON (SBN 67081) |
| | SARA JACKSON (SBN 251915) |
| 17 | 260 California Street, Suite 700 |
| | San Francisco, CA  94111 |
| 18 | Telephone:  (415) 288-8700 |
| | Facsimile:  (415) 288-8787 |
| 19 | Email:  epaterson@equaljusticesociety.org |
| 20 | AMERICAN CIVIL LIBERTIES UNION |
| | FOUNDATION OF NORTHERN CALIFORNIA |
| 21 | ALAN L. SCHLOSSER (SBN 49957) |
| 22 | JORY C. STEELE (SBN 206944) |
| | 39 Drumm Street |
| 23 | San Francisco, CA  94111 |
| | Telephone:  (415) 621-2493 |
| 24 | Facsimile:  (415) 255-8437 |
| | Email: aschlosser@aclunc.org |
| 25 | |
| 26 | Attorneys for Defendant-Intervenors Coalition for Economic Equity and National Association for the Advancement of Colored People, San Diego Chapter |
| 27 | |
| 28 | |