RONALD W. BEALS, Chief Counsel
THOMAS C. FELLENZ, Deputy Chief Counsel
DANIEL A. NEAR, Assistant Chief Counsel
KATHRYN T. PAPALIA, State Bar No. 173472
1120 N Street (MS 57), P.O. Box 1438
Sacramento, CA 95812-1438
Telephone:    (916) 654-2630
Facsimile:    (916) 654-6128

MARA E. ROSALES, State Bar No. 104844
BENJAMIN J. SCHNAYERSON, State Bar No. 257857
Rosales Law Partners LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone:    (415) 986-4760
Facsimile:    (415) 362-2006

G. SCOTT EMBLIDGE, State Bar No. 121613
RACHEL J. SATER, State Bar No. 147976
MOSCONE, EMBLIDGE & QUADRA, LLP
220 Montgomery Street, Suite 2100
San Francisco, CA 94104
Telephone:    (415) 362-3599
Facsimile:    (415) 362-2006

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASSOCIATED GENERAL CONTRACTORS OF AMERICA, SAN DIEGO CHAPTER, INC., a nonprofit California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | Case No. 2:09-CV-01622-JAM-GGH<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION PRODUCED DURING DISCOVERY** |

PDF created with pdfFactory trial version www.pdffactory.com

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 sets for the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff). "Party" includes Intervenors approved by the Court.

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosures to another Party or non-party

PDF created with pdfFactory trial version www.pdffactory.com

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2.8   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential—Attorneys' Eyes Only."

2.9   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11  Professional Vendors:  persons or entities that provide litigation support services (e.g., videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, etc.), excluding photocopying services, and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

PDF created with pdfFactory trial version www.pdffactory.com

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection:  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for

PDF created with pdfFactory trial version www.pdffactory.com

protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the document it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceedings, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to identify the specific portions of the testimony as to which protection is sought within 20 days of the date of on which

PDF created with pdfFactory trial version www.pdffactory.com

a transcript of the deposition is available, and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provision of this Stipulated Protective Order.

Nothing herein shall preclude a party from showing any deponent in this action documents or other materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if said deponent was the author, sender, or a recipient of such documents or other materials and has signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each page that legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or items is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

5.3   Inadvertent Failures to Designate. If corrected within forty-five days after disclosure, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" within forty-five days after the material was initially produced, the Receiving Party must make reasonable efforts to assure that the materials is treated in accordance with the provisions of this Order.

PDF created with pdfFactory trial version www.pdffactory.com

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party ten days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below, (FINAL DISPOSITION).

PDF created with pdfFactory trial version www.pdffactory.com

   7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a)  Any counsel of record for the parties, their employees, their staff, and their support personnel, including any professional vendors;

   (b )  the officers, directors, and employees of the Receiving Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, provided that such officers, directors, and employees, before being given access to CONFIDENTIAL information, are informed of the existence and contents of this Protective Order, agree to be bound by its terms, and sign the "Agreement to Be Bound by Protective Order" (Exhibit A), and that disclosure be limited to that material identified by counsel as being necessary for disclosure to such officers, directors, and employees to aid in the prosecution, defense, or settlement of this action;

   (c)  consultants and experts (as defined in this Order) of the Receiving Party provided that such consultants or experts, before being given access to CONFIDENTIAL information, are informed of the existence and contents of this Protective Order, agree to be bound by its terms, and sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (d)  the Court, its personnel, and the jury;

   (e)  the court reporter and videographer (if any) present at any hearing, deposition, or trial as long as they have signed the "Agreement to Be Bound by Protective Order" (Attached as Exhibit A);

   (f)  deponents who fulfill the conditions of paragraph 5.2(b) in that they are the author, sender, or a recipient of such documents or other materials and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

PDF created with pdfFactory trial version www.pdffactory.com

(g) the author of the document or the original source of the information.

(h) Percipient witnesses, but only when counsel showing a percipient witness information designated as CONFIDENTIAL has a present good faith belief that the percipient witness may have relevant testimony to offer as to the particular information designated as CONFIDENTIAL. In such instance, prior to being given access to the information designated as CONFIDENTIAL, the percipient witness must be informed of the existence and contents of this Protective Order, agree to be bound by its terms, and sign the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3   Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated. "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to:

(a) Any counsel of record for the parties, their employees, their staff, and their support personnel, including any professional vendors as long as they have signed the "Agreement to Be Bound by Protective Order" (Attached as Exhibit A);

(b) the Court, its personnel, and the jury;

(c) the court reporter and videographer (if any) present at any hearing, deposition, or trial as long as they have signed the "Agreement to Be Bound by Protective Order" (Attached as Exhibit A);

(d) deponents who fulfill the conditions of paragraph 5.2(b) in that they are the author, sender, or a recipient of such documents or other. Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.4   Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items to "Experts"

PDF created with pdfFactory trial version www.pdffactory.com

     (a)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and (3) attaches a copy of the Expert's current resume.

     (b)  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

     (c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  In any such proceeding the Party opposing disclosures to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

PDF created with pdfFactory trial version www.pdffactory.com

**9.	FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

**10.	FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**11.	MISCELLANEOUS**

11.1	Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2	Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any

PDF created with pdfFactory trial version www.pdffactory.com

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February ___, 2010          SHARON L. BROWNE
                                   RALPH W. KASARDA
                                   JOSHUA P. THOMPSON


                                   By: _____
                                        RALPH W. KASARDA

                                   Attorneys for Plaintiff

Dated: February ___, 2010          MOSCONE, EMBLIDGE & QUADRA, LLP


                                   By: _____
                                        G. SCOTT EMBLIDGE

                                   Attorneys for Defendants

Dated: February ___, 2010          BINGHAM McCUTCHEON LLP


                                   By: _____
                                        MICHAEL I. BEGERT

                                   Attorneys for Intervenors


PURSUANT TO THE STIPULATION, IT IS SO ORDERED.



Dated: March 31, 2010              /s/ John A. Mendez_____
                                   JUDGE OF THE U.S. DISTRICT COURT

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I,_____,declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of Associated General Contractors of America, San Diego Chapter, Inc. v. California Department of Transportation, et al., Case No. 2:09-CV-01622-JAM-GGH.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____

PDF created with pdfFactory trial version www.pdffactory.com